O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | ) ) ) | Case No. CV 14-02244 DDP (AGRx) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | ) ) | [Dkt. No. 48] |
| BANK OF AMERICA, N.A., et al., | ) ) ) | |
| Defendants. | ) ) | |

Presently before the Court is Claimant and Cross-Defendant's Motion for Judgment on the Pleadings. (Dkt. No. 48.) Having reviewed the cross-claim and other submissions by the parties, the Court GRANTS the motion and adopts the following order.

**I. BACKGROUND**

On May 14, 2015, Claimant and Cross-Claimant, Shirley Brown, filed a cross-claim against Bank of America, N.A. ("BANA") as part of interpleader proceedings initiated by Nationwide Insurance Company of America ("NICOA"). (Cross-cl., Dkt. No. 18.) Brown alleges fraud, quiet title, and intentional infliction of emotional distress. (Id. 1, 5, 6.)

  Brown and her late husband purchased the property at issue in November 2005 using a mortgage from Countrywide Home Loans, Inc. ("Countrywide") (Id. 2; Mot. J. Pleadings ("MJP") 2, Dkt. No. 48.) The Browns refinanced the mortgage in March 2008 through Casa Blanca Mortgage, Inc. ("Casa Blanca"), yielding a new mortgage loan for $447,000. (Cross-cl. 2; MJP 2.) The Deed of Trust ("DOT") used in the refinancing lists Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the security interest in the DOT. (BANA's Request for Judicial Notice ("RJN 1"), Ex. A.) The new loan was soon sold to Countrywide, as indicated by the endorsement transferring the promissory note from Casa Blanca to Countrywide. (Brown's Answer, Ex. 17, Dkt. No. 9-2.)

  BANA notified Brown on June 19, 2013 that her loan was in default.[1] (Id., Ex. 15.) On July 15, 2013, MERS assigned its interest in the DOT to BANA. (RJN 1, Ex. B.) BANA then substituted ReconTrust Company, N.A. as trustee under the DOT on August 20, 2013, and ReconTrust recorded a Notice of Default and Election to Sell Under the DOT on the same day. (RJN 1, Exs. C, D.)

---

[1] How the loan was transferred to BANA is unclear on these papers. The Court notes that BANA is treated as a successor-by-merger to Countrywide in at least some cases. E.g., Olufemi-Jones v. Bank of Am., N.A., No. 3:12-CV-3428-L-BK, 2013 WL 1482132, at *2 (N.D. Tex. Mar. 6, 2013) report and recommendation adopted as modified, No. 3:12-CV-3428-L, 2013 WL 1482544 (N.D. Tex. Apr. 10, 2013). But BANA's motion does not overtly indicate that the mortgage loan was transferred to it in the merger. (Mot. at 2 ("Shortly after the Deed of Trust was executed, the Loan was sold to Countrywide Home Loans, Inc. On June 19, 2013, BANA sent Brown a notice that her mortgage was in default . . . .") (citation omitted).) However, because Court can rule on this motion based on waiver and pleading deficiencies in Brown's cross-claim that do not turn on this question, the Court need not resolve this question at this stage.

NICOA issued a homeowner's insurance policy to the Browns in December 2010, covering the period of December 15, 2010 to December 15, 2011. (Brown's Answer, Ex. 8.) Countrywide is listed in the policy as the mortgage loss payee of the property. (Id.) Brown made a claim under the insurance policy and NICOA agreed in a settlement to pay $118,000 in benefits. (Cross-cl. ¶ 11.)

NICOA issued a check payable to Brown and Countrywide for the benefits. (Compl. ¶ 19, Dkt. No. 1; Cross-cl. ¶ 11.) NICOA states that Brown's counsel asked NICOA to reissue the check to Brown and Bank of America, and sent NICOA an account statement showing that Brown made mortgage payments to BANA. (Compl. ¶ 19.) NICOA issued a check to Brown and BANA. (Compl. ¶ 2; Brown's Answer ¶ 1.)

Brown states that she then discovered that Casa Blanca Mortgage was no longer licensed as a financial lender with the California Department of Corporations. (Cross-cl. ¶ 12; Id. Ex. 6.) Brown alleges that as a result, "[Casa Blanca] could no longer transact any business on [Brown's] note or Deed of Trust." (Id. ¶ 12.) Brown states that Casa Blanca did not transfer the promissory note or DOT, and that therefore the note and DOT are void. (Brown's Answer 4.) Brown seeks for NICOA to pay the insurance benefits at issue solely to Brown. (Brown's Answer 4.)

Brown filed a suit against BANA in Los Angeles Superior Court in October 2013. (RJN 1, Ex. E.) As in the instant action, Brown alleged that BANA was not the mortgagee of Brown's property, and made claims for fraud, quiet title, and intentional infliction of emotional distress, among others, against BANA. (Id.) The action in the Superior Court was dismissed with prejudice in favor of BANA. (Id., Ex. F.) Brown's appeal of the dismissal is pending

3

before the California Court of Appeal.  (Brown's Request for Judicial Notice ("RJN 2"), Exs. 1, 2, Dkt. No. 57.)  The appeal has been in default twice while before the Court of Appeal.  (BANA's Supplemental Request for Judicial Notice ("RJN 3"), Ex. H, Dkt No. 61.)

## II. LEGAL STANDARD

A party may move for judgment on the pleadings when the pleadings have closed and the motion will not delay trial.  Fed. R. Civ. P. 12(b)(6).  Judgment on the pleadings is granted if the moving party would receive judgment as a matter of law even if all allegations in the non-moving party's pleadings were assumed to be true.  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990.)

## III. DISCUSSION

### A. Request for Judicial Notice

The Court may consider materials outside the complaint in 12(b)(6) and 12(c) motions if their authenticity is not contested and they are referenced in the complaint.  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  The Court may also take notice of matters of public record in deciding 12(b)(6) and 12(c) motions.  Mack v. South Bay Beer Distribs., 798 F.2d 1279, 1282 (9th Cir. 1986).  The Court may take notice of all exhibits from BANA's and Brown's requests for judicial notice because the exhibits are either incorporated by reference or are matters of public record.

Brown argues that the facts within the documents in BANA's RJN are disputed, and that the Court cannot therefore take notice of the documents in deciding the motion.  (Brown's Opp'n Mot. J. Pleading at 3, Dkt. No. 56.)  However, the Court is free to take

4

1 notice of the documents themselves and of facts not reasonably
2 subject to dispute. See <u>Lee v. City of Los Angeles</u>, 250 F.3d 668,
3 690 (9th Cir. 2001). Here, Brown does not dispute the authenticity
4 of the key document, the Deed of Trust. (BANA's RJN, Ex. A.)
5 Rather, she states that determining "[w]hether or not MERS actually
6 had authority from Casa Blanca to assign the 2008 Deed of Trust to
7 BANA . . . requires a weighing of extrinsic evidence." (Brown's
8 Opp'n Mot. J. Pleading at 3.) But she does not explain what
9 extrinsic evidence is required to interpret the Deed of Trust,
10 which is a self-contained document assigning certain rights to the
11 parties. In short, she does not actually challenge the facts
12 reflected in the Deed of Trust, but the legal effect of the
13 document.

**B. Res Judicata**

15  Parties may not relitigate matters determined in prior
16 proceedings. <u>Mycogen Corp. V. Monsanto Co.</u>, 28 Cal. 4th 888, 896
17 (2002). Federal courts apply state law on res judicata when
18 determining whether an action is barred by a state action that has
19 been previously decided. <u>Migra v. Warren City School Dist. Bd. of
20 Educ.</u>, 465 U.S. 75, 81 (1984). Under California law (unlike
21 federal law), a defendant can assert res judicata only when appeal
22 has been exhausted or the time to appeal has expired. <u>Franklin &
23 Franklin v. 7-Eleven Owners for Fair Franchising</u>, 102 Cal. App. 4th
24 1168, 1174 (1st Dist. 1991).

25  Although Brown litigated the same claims she asserts here when
26 she sued BANA in Superior Court, Brown's appeal of the Superior
27 Court judgment is pending before the California Court of Appeal.
28 (RJN 2, Exs. 1, 2; RJN 3, Ex H.) BANA notes that the Court of

Appeal issued two notices of default to Brown; however, those defaults were remedied and the case is still pending. (RJN 3, Ex. H.) BANA is therefore unable to assert res judicata against Brown.

**C. Brown's Standing to Challenge Loan Securitization**

Brown alleges that BANA committed fraud when it profited from the allegedly illegitimate securitization of the promissory note. (Cross-cl. ¶ 17). However, a person who is not a party or beneficiary to a pooling and servicing agreement has no standing to challenge the securitization of a mortgage loan. Jenkins v. J.P. Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013). Further, a borrower does not have standing to challenge securitization because securitization does not change the borrower's obligations under the loan. Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (1st Dist. 2011).

Brown was not a party to her loan's securitization and the securitization did not affect her obligations under the loan. Brown therefore has no standing to challenge the loan securitization.

**D. Fraud and Intentional Infliction of Emotional Distress**

Brown does not respond to BANA's arguments as to her fraud and infliction of emotional distress claims, and the Court deems them "effectively abandoned." Walsh v. Nevada Dep't of Human Res., 471 F.3d 1033, 1037 (9th Cir. 2006).[2]

---

[2] In any event, these claims are not adequately pled. As to fraud, Brown does not plead the alleged misrepresentations with specificity (the "who, what, where, and when" required by Rule 9(b)), nor does she explain how she relied on them. As to the emotional distress claim, "the attempted collection of a debt by its very nature often causes the debtor to suffer emotional distress. Frequently, the creditor intentionally seeks to create
(continued...)

6

**E. Quiet Title**

A quiet title claim requires (1) a description of the property at issue; (2) a statement of plaintiff's title to the property; (3) the adverse claims to the title for which determination is sought; (4) the date for which the determination of rights is sought; and (5) a prayer for determination of plaintiff's title against adverse claims. Cal. Code Civ. Proc. § 761.020. A mortgagor cannot quiet title against a mortgagee without first tendering the amount owed on the mortgage. Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994).

Brown argues that she should not have to tender payment on the debt to quiet her title because "it is impossible for Casa Blanca to have given authority to MERS to act as its nominee in the 2008 Deed of Trust because MERS was not incorporated until July 21, 2010, nearly 2 years after Brown executed the 2008 Deed of Trust." (Opp'n at 5.) Notably, Brown does not challenge the authenticity of the Deed of Trust, which she signed, naming MERS as the beneficiary of the Deed. (BANA's RJN, Ex. A.) Brown notes that MERS was not incorporated in *California* in 2010, but BANA points out that it *was* incorporated in *Delaware*. See State of Delaware, "Department of State: Division of Corporations," https://delecorp.delaware.gov/tin/controller (visited Aug. 20, 2015) (MERS first incorporated in Delaware in 1995 and again in

---

²(...continued)
concern and worry in the mind of the debtor in order to induce payment. Such conduct is only outrageous if it goes beyond all reasonable bounds of decency." Ross v. Creel Printing & Publ'q Co., 100 Cal. App. 4th 736, 745 (2002). Brown has not explained what BANA did beyond ordinary collection practices that would go beyond the bounds of decency.

7

1999).³ Indeed, given that MERS is explicitly named in the Deed of Trust, the only way to make sense of Brown's allegations is to assume that Casa Blanca, in drafting the Deed, *invented* MERS – which then, accommodatingly, came into existence two years later and assumed its role as beneficiary. This is not a plausible theory under which to seek relief.⁴

Even if Brown were correct in alleging that BANA cannot enforce the mortgage, the Court cannot grant quiet title, because she does not deny having taken out a mortgage loan which is not fully paid off yet. Quiet title is an equitable remedy, and "a court of equity will not aid a person in avoiding the payment of his or her debts." Mix v. Sodd, 126 Cal. App. 3d 386, 390 (4th Dist. 1981).

Judgment on the pleadings is therefore appropriate as to Brown's claim for quiet title.

**IV. CONCLUSION**

BANA's motion for judgment on the pleadings is GRANTED. The Court finds that leave to amend is not appropriate, because there

---

³BANA sought judicial notice of the Delaware website in its "Supplemental RJN." (Dkt. No. 61.) BANA refers to an "Exhibit I," purporting to be a printout from the website; this document is not, however, posted on the docket. Nonetheless, because the state website's content is a set of uncontroverted public records, the Court may take judicial notice of it even in the absence of the physical exhibit.

⁴If the argument is, rather, that MERS cannot be the beneficiary because it was not registered with the California Secretary of State at the time the Deed of Trust was signed, that argument is foreclosed by California law, which retroactively validates an entity's prior activity in the state after it registers. Perlas v. Mortgage Elec. Registration Sys., Inc., No. C 09-4500 CRB, 2010 WL 3079262, at *6 (N.D. Cal. Aug. 6, 2010).

8

is no indication that Brown could state a claim for quiet title with amendment, and the other claims are deemed abandoned.

IT IS SO ORDERED.

Dated: August 26, 2015

DEAN D. PREGERSON
United States District Judge

9